**In the Matter of the Arbitration between FLORASYNTH, INC., Plaintiff,**

**v.**

**Alfred PICKHOLZ, Defendant.**

**No. 83 Civ. 6290 (DNE).**

United States District Court,
S.D. New York.

March 7, 1984.

Francis Carling, New York City (Leo T. Crowley, Winthrop, Stimson, Putnam & Roberts, New York City, of counsel), for defendant.

Lloyd I. Isler, New York City, for plaintiff.

## ORDER

EDELSTEIN, District Judge:

WHEREAS the plaintiff brought a motion in New York State Supreme Court, pursuant to New York CPLR § 7510 to confirm an award rendered in an arbitration between plaintiff and defendant; and

WHEREAS defendant removed the action to federal court and subsequently filed an answer and counterclaim praying for an order vacating the arbitration award; and

WHEREAS plaintiff, asserting that this case should be decided solely upon its motion to confirm the arbitration award, did not answer the defendant's counterclaim, and a dispute arose between the parties as to the proper pleading procedure for this removed action; and

WHEREAS the court at a pretrial conference instructed the defendant to apply for a judgment by default so the issue of the proper pleading procedure could be briefed, and the defendant has applied for an order on default; and

WHEREAS a "federal court to which a state action is removed takes the action in the posture in which it existed when removed," *Istituto Per Lo Sviluppo Economico Dell' Italia Meridionale v. Sperti Products, Inc.*, 47 F.R.D. 310, 312 (S.D.N.Y.1969), so that the plaintiff's motion to confirm, which was filed in state court prior to removal, is now pending before this court under the Fed.R.Civ.P.; and

WHEREAS in its answer defendant admitted that the arbitration between the parties was held pursuant to an agreement, that arbitration proceeded fully before a panel of three arbitrators (except that defendant contends the panel had no jurisdiction), that the panel rendered an award for plaintiff, and that the defendant brought no proceeding to vacate the award within three months of the filing of the award; and

WHEREAS the statute of limitations of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("Act"), which constitutes federal substantive law, *see Southland Corp. v. Keating et al.*, — U.S. —, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984), applies to this case, and that limit provides: "Notice of a motion to vacate ... an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered," 9 U.S.C. § 12; and

WHEREAS defendant contends that beyond the three month limit he may raise grounds to vacate the award as a *defense* to a motion to confirm an award, and he cites three federal cases, but the reasoning of these cases has been seriously questioned and their holding uniformly rejected by the recent cases: *Brotherhood of Teamsters v. Celotex Corp.*, 708 F.2d 488, 490 (9th Cir.1983); *Service Employees International Union v. Office Center Services, Inc.*, 670 F.2d 404, 409 (3d Cir.1982); *Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Co.*, 628 F.2d 1023, 1026 (7th Cir.1980), *cert. denied*, 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981); *Tokura Construction Co. v. Corporacion Raymond, S.A.*, 533 F.Supp. 1274, 1276–78 (S.D.Tex.1982); *Carpenters 46 Northern California Counties Conference Board v. Meddles*, 535 F.Supp. 775, 778–79 (N.D.Cal.1981), all of which state that a defendant may not raise grounds to vacate an award after the three month limitation even as a defense to a motion to confirm the award; these cases are convincing on this point; and

WHEREAS the Act provides that on an application for an order to confirm an arbitration award, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 [which set the three month limitation]," 9 U.S.C. § 9; and

WHEREAS independent grounds to confirm the arbitration award at issue in this case exist because the defendant made no objection to the dissolution of the initial panel. It proceeded through an entire arbitration before a second panel, and made no objection within the limitations period, but waited until the plaintiff moved to confirm the award; and

WHEREAS if this court grants the plaintiff's motion to confirm the arbitration award it need not reach the issues raised by the motion for default,

IT IS HEREBY ORDERED THAT the plaintiff's motion to confirm the arbitration award is granted and that final judgment shall be entered thereon.