(December 17, 1985)

■ MANUFACTURERS HANOVER TRUST COMPANY, Appellant, v MARVIN MARGOLIS, Respondent.—Order of the Supreme Court, New York County (Irving Kirschenbaum, J.), entered on June 26, 1984, which denied plaintiff's motion for summary judgment in lieu of complaint, is unanimously reversed, on the law, and the motion granted, with costs and disbursements.

Plaintiff Manufacturers Hanover Trust Company (MHT) commenced the instant action for summary judgment in lieu

of complaint to recover $155,000 in principal plus accrued interest due on a promissory note executed by defendant. In opposition thereto, defendant states that the promissory note involved herein was part of a transaction between himself and Manufacturers Hanover Commercial Corporation (MHCC), a wholly owned subsidiary of plaintiff. Pursuant to the purported oral agreement between defendant and MHCC, defendant was to receive $200,000 in consideration for rendering certain services to MHCC. It is defendant's contention that the $155,000 represented a down payment advanced in the form of a loan for income tax purposes. Although he fulfilled the terms of his agreement, defendant asserts, MHCC reneged on payment. Subsequently, defendant sued both MHCC and plaintiff for the balance of the compensation allegedly owed to him. Special Term thereafter granted MHT's motion for summary judgment dismissing the complaint on the ground that since there was no claim of wrongdoing by MHT, any liability on the part of the bank could not be predicated solely on the fact that it is the parent corporation of MHCC. Defendant did not appeal from this decision.

Plaintiff takes no position regarding the validity of defendant's allegations concerning his dealings with MHCC, noting that defendant has an action pending against MHCC which will ultimately resolve the matters disputed therein. Rather, plaintiff argues that defendant's obligation on an unconditional note complete on its face cannot be avoided on the basis of a purported contemporaneous oral agreement between himself and MHCC, to which MHT was not a party. In that connection, the law is clear that where, as is the situation here, there is an unconditional written promise to pay, the parol evidence rule operates, absent fraud or mutual mistake *(but see, Citibank, N.A. v Plapinger,* 66 NY2d 90), to exclude proof of all prior or contemporaneous negotiations between the parties, as well as of any extraneous oral agreement, which is intended to contradict or modify the terms of the instrument. *(Marine Midland Bank v Thurlow,* 53 NY2d 381.) Moreover, in the absence of a merger clause, the court must determine from an examination of the surrounding circumstances and a reading of the writing itself whether or not the agreement constituted a complete, integrated instrument. *(Braten v Bankers Trust Co.,* 60 NY2d 155.) Since the note in question makes no mention of any other document or transaction, simply reciting that it is "for value received", and the alleged oral agreement between defendant and MHCC is the sort of complex arrangement which is customarily reduced to

writing, Special Term should have granted plaintiff's motion for summary judgment in lieu of complaint. Concur—Murphy, P. J., Carro, Asch, Fein and Milonas, JJ.