**REPROSYSTEM, B.V. and N. Norman Muller, Plaintiffs,**

v.

**SCM CORPORATION, Defendant.**

**No. 77 Civ. 5705 (RWS).**

United States District Court, S.D. New York.

March 19, 1986.

See also, 727 F.2d 257.

William Bernstein, New York City, for N. Norman Muller.

Winthrop, Stimson, Putnam & Roberts, New York City, for Hale Russell & Gray; Philip Le B. Douglas, of counsel.

SWEET, District Judge.

Hale Russell & Gray ("HRG") have moved to enforce a settlement agreement and to enter judgment against its former client N. Norman Muller ("Muller") of $365,471.96 for attorneys' fees and disbursements incurred in connection with HRG's representation of Muller and Reprosystem, B.V. in the underlying action. The motion is denied for the reasons set forth below. HRG has also moved for Rule 11 sanctions in connection with the present motion which will be denied.

**Prior Proceedings**

On October 24, 1985, HRG and counsel for Muller appeared before this court to enter an oral settlement agreement on the record. As presented to the court, the oral statement of settlement was intended as a binding resolution of the lawsuit "pending a final determination and refinement of the terms, which will be done in writing and presented to the court for its approval." Pursuant to the oral agreement, HRG agreed to accept $200,000 to be paid over five years beginning with two installments of $25,000 to be paid on December 16, 1985 and March 31, 1986. In exchange for HRG's acceptance of this reduced amount, Muller agreed to consent to a judgment in the full amount of the alleged debt if he defaulted on his obligations under the settlement.

The terms of the consent to judgment were as follows. It was agreed that HRG could seek to have the judgment filed without notice to Muller after a five day grace period for the failure to make any payment under the settlement. Muller agreed to waive any defense to the filing of the judgment except the fact of actual payment within the required period. He also agreed to waive any set-offs or counterclaims to the fees sought by HRG and waived any defenses to payment of the fees.

While the parties originally proposed that this court would sign the judgment immediately, this aspect of the oral settlement was altered. Instead, the parties were directed to submit a prepared judgment which would not be executed by the court. Only the signed settlement agreement would be so ordered by the court and would provide for the consent to judgment upon default.

The oral settlement agreement provided that a written stipulation of the settlement would be signed by each party, but this task has not yet been accomplished. Based on this failure to reduce the agreement to writing as well as certain alleged representations by Muller through his counsel, HRG brought a motion on February 21, 1986 seeking to hold Muller in default of the settlement agreement and to enter the full judgment against him. Due to the need to conduct discovery and to permit replacement of Muller's counsel, the motion was adjourned for two weeks and submitted on March 7, 1986.

**Discussion**

■ HRG's first claim arises from the parties' failure to execute a written stipulation of settlement. HRG asserts that Muller has refused to sign the settlement and therefore materially breached the oral settlement reached on October 24, 1985. As explained by the deposition testimony of Gary J. Wolfe ("Wolfe"), who represented Muller until March 4, 1986, the counsel had exchanged drafts of the settlement agreement as of January 2, 1986 and a draft was presented to Muller for review. On February 18, Wolfe informed HRG that Muller was "loath" to sign the stipulation because he was undergoing financial difficulty and was concerned about defaulting on the obligations required of him by the agreement. Wolfe further conveyed to HRG Muller's request to reschedule the payment required on March 31 since he indicated that Muller might be unable to pay the full $25,000 installment at that time. Finally, Wolfe indicated that Muller was considering the option of reasserting his right to litigate the merits of HRG's fee claim.

While these statements made on behalf of Muller are somewhat inconsistent with the terms of the oral settlement, by his affidavit of March 9, 1986, Muller states that he has never disavowed and instead fully confirms the validity of the oral settlement and the authority of Wolfe to represent him in reading that settlement. In this recent affidavit Muller also asserts unequivocally that he intends to pay the entire $25,000 due March 31, 1986. Finally, Muller implies that he has not signed the written settlement agreement due to the inability of Wolfe and HRG to work out all the terms in accordance with the oral settlement.

Since Muller has now ratified the authority of Wolfe to bind him to the October 25 oral agreement, there is no question as to the validity of that settlement. One of the terms of that settlement was the requirement of a written stipulation signed by both parties. Therefore, Muller's willful refusal to sign a written agreement would constitute a material breach of the settlement. While the record indicates that some of the reasons for Muller's refusal to sign the agreement were due to his resistance to its material terms, he nevertheless raised a meritorious objection to the form of the stipulation drafted by HRG. The draft stipulation provided, contrary to the agreement reached in open court, that Muller would agree to the execution of the judgment by the court at the same time as the signing of the stipulation. As explained above, however, the judgment was to be prepared but not executed until an event of default. Since Muller, through Wolfe's affidavit of February 20, 1986, validly objected to this provision, his failure to sign the stipulation cannot be deemed a breach of the oral agreement.

■ HRG also asserts that Muller's equivocal statements regarding his ability or willingness to pay the next installment of the settlement on March 31 constitute an anticipatory breach of the settlement agreement. This argument fails on two grounds. First, although Muller requested HRG to consider rescheduling the payment due on March 31 and expressed his concern over his ability to pay the full $25,000, these statements do not constitute a clear intention not to perform. The repudiation of a party's duties under a contract must be "positive and unequivocal" in order to establish an anticipatory breach. *See Tenavision, Inc. v. Neuman*, 45 N.Y.2d 145, 379 N.E.2d 1166, 1168, 408 N.Y.S.2d 36, 38 (N.Y.1978) (discussing repudiation involving the sale of goods under the U.C.C.). Moreover, Muller's reaffirmation of his intent to perform may be regarded as a retraction of the alleged repudiation. *Doyle Dane Bernbach, Inc. v. Avis*, 526 F.Supp. 117, 121 (S.D.N.Y.1981).

■ The second and more fundamental reason to deny HRG's claim of anticipatory breach is that the doctrine may only be applied to "bilateral contracts embodying some material and interdependent conditions and obligations." *Long Island Railroad Co. v. Northville Industries Corp.*, 41 N.Y.2d 455, 362 N.E.2d 558, 564, 393 N.Y.S.2d 925, 931 (N.Y.1977). In New York, the doctrine of anticipatory breach is only available as a defense to continued performance by the injured party and therefore is not appropriate if the party invoking the doctrine has fully performed. *Northville Industries, supra*, 362 N.E.2d at 563–64, 393 N.Y.S.2d at 930–31.

The settlement agreement is a unilateral contract which requires Muller to make payments at scheduled intervals. No further performance is required of HRG. Under these circumstances, HRG cannot under the law of New York be granted any relief under the doctrine of anticipatory breach since it merely seeks the payment of monies prior to their due date rather than any relief from its own obligations. While it may be advantageous to HRG to obtain a judgment immediately, the settlement agreement requires it to wait until an actual default on payment before obtaining relief.

■ HRG's motion for sanctions pursuant to Fed.R.Civ.P. 11 will also be denied. While Muller's equivocation with regard to the agreement has compelled HRG to pur-

sue the legal relief, Muller's representations were made in the course of negotiation over the terms of the written stipulation and not pursuant to any pleadings filed with this court. Since Muller never entered a pleading setting forth a defense of unauthorized settlement, it does not appear that Rule 11 sanctions are appropriate. HRG's exasperation over litigating this motion in the face of Muller's change of position and of counsel is understandable, but sanctions are not appropriate.

IT IS SO ORDERED.