■ MANUFACTURERS HANOVER TRUST COMPANY, Respondent, v VERINA HIXON, Appellant.

On January 4, 1984, defendant Hixon executed a promissory note in connection with the purchase of condominiums in the Trump Tower. Simultaneously therewith, Hixon executed a mortgage which was filed against this real property. The note states that it is secured by the mortgage whose terms "will be considered a part of this Note." Most significantly, the note also states that the principal sum shall become due and payable "in the event of a default as defined in the mortgage." Defendant defaulted in payments due November and December 1984. Plaintiff subsequently demanded full payment of the loan. After an attempt to tender late payments was rejected, this action was commenced for summary judgment in lieu of a complaint pursuant to CPLR 3213.

*Seaman-Andwall Corp. v Wright Mach. Corp.* (31 AD2d 136, 137, *affd* 29 NY2d 617) established the rule that a note qualifies for CPLR 3213 treatment, as an instrument for the payment of money only, if the plaintiff can establish a prima facie case via "proof of the note and a failure to make the payments called for by its terms." Here proof of the note and the failure to make payments do not establish plaintiff's prima facie right to accelerate the note and demand full payment,

since the note specifically states that reference be made to the mortgage to define default. Thus, resort to the mortgage is necessary to establish a prima facie case. *(See, Tonkonogy v Seidenberg,* 63 AD2d 587.) Accordingly, Special Term erred in considering the note as an instrument for the payment of money only subject to CPLR 3213 treatment. Concur—Sandler, J. P., Sullivan, Ross, Carro and Asch, JJ.