**Sachiko T. BOWER, Plaintiff,**

v.

**Frederick R. WEISMAN, Frederick Weisman Co., and Rare Properties, Inc., Defendants.**

**No. 85 Civ. 8916 (RWS).**

United States District Court, S.D. New York.

Oct. 30, 1987.

Montclare & Guay, New York City (Paul D. Montclare, of counsel), for plaintiff.

Summit Rovins & Feldesman, New York City (John Amabile, of counsel), for defendants.

## OPINION

SWEET, District Judge.

Defendants Frederick R. Weisman ("Weisman"), Frederick Weisman Co. and Rare Properties, Inc. have moved in limine on the eve of trial to preclude the plaintiff, Sachiko Bower ("Bower"), from introducing at trial evidence of (i) certain oral agreements between the parties as barred by the statute of frauds, (ii) future damages, (iii) damages due her daughter, (iv) certain oral agreements modifying written agreements, (v) Weisman's relationships with other women, (vi) Weisman's financial condition, (vii) punitive damages, (viii) a lis pendens recorded by Weisman on property in dispute, and (ix) fraud. For the reasons set forth below, defendant's motion is granted regarding evidence of oral agreements modifying written agreements and of punitive damages, is denied with leave to re-move regarding evidence of damages due Bower's daughter, and is denied in all other respects.

### Agreement to Pay Bower $120,000 a Year

Weisman seeks to preclude Bower from offering evidence of an oral agreement to pay her $120,000 a year until Bower remarried or moved away from the United States, an agreement which Bower alleges is codified by the memorandum of July 6, 1985 executed just before the relationship between the parties terminated.

As set forth in *Bower v. Weisman*, 650 F.Supp. 1415, 1421 (S.D.N.Y.1986) ("*Bower II*"), under New York law an oral contract is not barred by the statute of frauds if there is any possibility that it can be performed within a year. This contract (assuming that there was a contract) would have been performed in less than one year,

if six months after it was made, Bower moved away from the United States.

Although Weisman has urged that Bower's ability effectively to terminate the contract does not withdraw the oral contract from the terms of the statute of frauds, Bower has cited a recent New York Court of Appeals case directly to the contrary: "Where one or both parties have such an explicit option to terminate their agreement within one year, that agreement is, by its own terms, capable of completion within that period and is not governed by the Statute." *D & N Boening v. Kirsch Beverages*, 63 N.Y.2d 449, 456, 483 N.Y. S.2d 164, 167, 472 N.E.2d 992 (1984). Consequently, Weisman's application to preclude evidence on the oral agreement is denied.

As to the July 6th memo alleged to be sufficient to take the oral agreement out of the statute of frauds, Weisman stands on stronger ground. The note fails to incorporate a material part of the subject matter of the alleged agreement—that Bower was to receive $120,000 per year and that the $120,000 was to be over and above what Bower owed on the promissory note. Thus this note does not sufficiently memorialize the agreement to be admitted as a writing within the statute of frauds.

Further, evidence is not barred on Bower's allegations that Weisman orally gave her a rent free tenancy in a townhouse in New York under the same conditions. Under New York General Obligations Law § 5–703(1), leases "for a term not exceeding one year" are specifically exempted from the statute of frauds. Included in this category are leases capable of termination within one year—for example where duration of the lease is measured by the tenant's lifetime. *See City of New York v. Heller*, 127 Misc.2d 814, 487 N.Y.S. 2d 288 (Sup.Ct.N.Y.County 1985), *aff'd per curiam*, 131 Misc.2d 485, 503 N.Y.S.2d 995 (App.Term 1st Dep't 1986); *Pier v. Margulies*, 73 N.Y.S.2d 309 (Sup.Ct.Kings County 1947).

With respect to the other alleged contracts relating to real estate, there are writings sufficient to take them outside the statute, although the authenticity of the writings are still in issue.

*Lump Sum Damages*

Bower is claiming lump sum damages for Weisman's anticipatory repudiation of his obligation to pay her salary and living expenses until such time as she marries or returns to Japan. Weisman seeks to preclude Bower from offering evidence to this effect on the grounds that future damages are impermissible for anticipatory repudiation of a unilateral contract and that such damages are speculative. This issue is presented by a motion in limine which must be determined on the eve of trial. The need for speedy resolution of a difficult issue weighs against the preclusive motion.

As described in Bower's contentions within the pretrial order, the contract Weisman allegedly anticipatorily repudiated was bilateral in nature. Weisman was to pay Bower a salary and provide for her living expenses in consideration of Bower's guidance on matters of Japanese culture. At the time Weisman repudiated his future obligation to pay, Bower was, according to her, actively fulfilling her contractual duties. If Bower had completed performance when the repudiation came, the contract would have become unilateral in nature as only one party's performance would be owing. However, such was not the case.[1] Consequently, Weisman's reliance on this court's decision in *Reprosystem, B.V. v. SCM Corp.*, 630 F.Supp. 1099 (S.D. N.Y.1986), a case where the repudiation came when only one performance was due, is misplaced. If a party anticipatorily repudiates his duties under a bilateral contract embodying interdependent obligations, damages are available to the injured party. *Long Island Rail Road v. Northville In-*

---

1. The result here is not inconsistent with this court's statute of frauds determinations both herein and in its prior opinion. *Bower v. Weisman*, 650 F.Supp. 1415 (S.D.N.Y.1986). Although the court is now persuaded that the agreement between the parties was bilateral, the contract was still capable of being performed in one year in the event that Bower married or migrated thus terminating Weisman's duties.

*dustries,* 41 N.Y.2d 455, 362 N.E.2d 558, 393 N.Y.S.2d 925 (1977). Therefore, Bower will not be precluded at this time from introducing evidence of future damages on this ground. This issue may be revisited prior to the actual introduction of the evidence.

■ Nor, moreover, is uncertainty as to the amount of damages for anticipatory repudiation reason to deny Bower the opportunity to present evidence pertaining to future loss. As the Second Circuit has stated:

> [U]nder the long-standing New York rule, when the existence of damage is certain, and the only uncertainty is as to its amount, the plaintiff will not be denied a recovery of substantial damages.... Moreover, the burden of uncertainty as to the amount of damage is upon the wrongdoer, ... and the test for admissibility of evidence concerning prospective damages is whether the evidence has any tendency to show their probable amount.... "Such an estimate necessarily requires some improvisation, and the party who has caused the loss may not insist on theoretical perfection." ... "[T]he law will make the best appraisal that it can, summoning to its service whatever aids it can command."

*Contemporary Mission, Inc. v. Famous Music Corp.,* 557 F.2d 918, 926–27 (2d Cir. 1977) (citations omitted) (quoting *Entis v. Atlantic Wire & Cable Corp.,* 335 F.2d 759, 763 (2d Cir.1964) and *Sinclair Rfg. Co. v. Jenkins Co.,* 289 U.S. 689, 697, 53 S.Ct. 736, 738, 77 L.Ed. 1449 (1933)). The certainty of the existence of damage is a question for the jury, however, this Court will not, prospectively, preclude Bower from producing evidence as to amount. Thus, Weisman's motion to preclude evidence pertaining to lump sum damages is denied.

### Evidence of Damages for Teru Bower

Bower seeks to offer evidence on whether Weisman breached an agreement to provide Teru Bower with an irrevocable trust. Weisman moves to bar the testimony on the ground that Teru Bower is not a plaintiff here, as well as on the ground of the statute of frauds.

■ Weisman's application fails to the extent that it is premised on the fact that Teru is not the plaintiff here. Assuming that Bower had a valid contract with Weisman binding Weisman to perform certain acts (such as setting up a trust for another), Bower may sue to enforce the agreement that she made.

With respect to the statute of frauds argument, Weisman was directed by opinion of September 14, 1987, to turn over various documents, some of which may constitute a writing sufficient to satisfy the statute of frauds. These documents were finally produced on October 28, 1987 pursuant to a denial by the Second Circuit of Weisman's motion to stay the order. Based on these writings, this Court denies Weisman's motion at this time, but due to the recency of their production grants leave to renew the motion.

### Oral Modifications of the Promissory Note

Weisman seeks to preclude Bower from offering proof of an oral agreement that renders her obligation under the November 1, 1983 promissory note contingent upon increased payments to her under a contemporaneously executed consulting agreement. According to this alleged agreement, all amounts owed by Bower on the note are to be offset by amounts owed to her on the consulting agreement.

Under New York law, parol evidence is inadmissible to vary the terms of a fully integrated agreement. *Braten v. Bankers Trust Co.,* 60 N.Y.2d 155, 456 N.E.2d 802, 468 N.Y.S.2d 861 (1983); *Leumi–Financial Corp v. Richter,* 17 N.Y.2d 166, 216 N.E.2d 579, 269 N.Y.S.2d 409 (1966). Bower contends that the note is not an integrated document because it "does not set forth any of the terms surrounding the making of the note or the transaction that gave rise to the making of the note."

■ To determine whether an agreement is integrated the court will, in the absence of a merger clause, read the writing in light of the surrounding circumstances and consider whether the agreement is one that

the parties would ordinarily commit to writing. *Braten, supra,* 468 N.Y.S.2d at 864, 456 N.E.2d at 805; *Manufacturers Hanover Trust Co. v. Margolis,* 115 A.D.2d 406, 496 N.Y.S.2d 36 (App.Div. 1st Dep't 1985). Repayment terms of a promissory note frequently are committed to writing and were, in fact, so documented in this case. In fact, the agreement explicitly states not only the time for each remittance but the amount of each payment. No mention of the alleged oral agreement, however, is made, nor does the amount due reflect the claimed offset. Moreover, the consulting agreement, which was executed on the same date and to which the oral agreement purportedly pertains, makes no reference to the promissory note. In a case such as this where a note appears on its face to be a completely integrated, unconditional promise to pay, and where the evidence of oral agreement sought to be introduced is at variance with the terms of the obligation, the parol evidence rule applies. *See Braten, supra,* 468 N.Y.S.2d 861, 456 N.E.2d at 802; *Marine Midland Bank– Southern v. Thurlow,* 53 N.Y.2d 381, 425 N.E.2d 805, 442 N.Y.S.2d 417 (1981); *see also Federal Deposit Insurance Corp. v. Borne,* 599 F.Supp. 891 (E.D.N.Y.1984); *cf. Happy Dack Trading Co. v. Agro Industries,* 602 F.Supp. 986 (S.D.N.Y.1984). Weisman's motion is therefore granted and Bower will be barred from presenting evidence of an oral agreement at variance with the note.

*Weisman's Relationship with Other Women*

Weisman has argued that his relationships with other women after the date that his relationship with Bower ended is not relevant to the issues in the action and should be excluded. However, one of Weisman's defenses to this action is that agreements that he entered into and promises that he made were attributable to Bower's irresistible sexual sway over him, which was particularly pronounced because he is considerably older than she. Another of Weisman's defenses is that Bower's forbearance of sexual activities with all other men was a term of the contract between them.

Bower wishes to rebut both defenses by showing that Weisman was engaged in a sexual relationship with a 30 year-old art restorer who resided at Weisman's Carolwood house when Bower was not there. That is, she "intends to prove at trial that … Weisman, far from being an elderly gentleman begging for sex, is a verile, [sic] powerful individual who prefers the company of much younger women." If Weisman offers evidence to establish either of the defenses, then Bower will be able to present her evidence in rebuttal.

*Evidence of Weisman's Wealth*

Weisman seeks to foreclose Bower from offering evidence about his wealth until after her right to damages is determined. At argument, parties agreed that the issue is governed by Fed.R.Evid. 403, which requires the court to balance relevance against undue prejudice.

Weisman fears that if the jury learns of his great wealth, it will award Bower damages although she may not be entitled to them legally. This danger of prejudice, he urges, outweighs the relevance to Bower. On the other hand, Bower submits that the enormity of the sums of money are crucial to a fair understanding of the case. In particular, she urges that the only way that it is credible that she would be given license to sign Weisman's name to very large checks is for the jury to understand how small those checks were to a man of Weisman's assets. That is, Weisman allowed Bower to write what appear to be very large checks on his account the same way that a person of more modest means might authorize a close friend to take out $20 on a bank cash card. To a jury of common means, the authorization that Bower alleges she had is inherently unbelievable unless put in perspective by Weisman's other assets.

In addition, Bower submits that the story of the building of Weisman's empire is exactly the story of the development of their relationship. She argues that she was valuable to him over the years because

she was able to help him conduct business with the Japanese business people with whom he otherwise would have had a deep cultural gap. It is impossible, she submits, to evaluate the probability that he would promise her so much without understanding what it was that he was gaining in return: the means to build an enormous financial kingdom. Under both these theories, of course, Weisman's wealth is relevant for reasons other than the determination of damages. It is probative on the question of whether Weisman, in fact, made the contracts that Bower has alleged.

On balance, the relevance of the evidence outweighs the danger of undue prejudice, which can be abated in part by a limiting instruction, to which Weisman, of course, is entitled.

### Punitive Damages

Evidence that relates to punitive damages will not be permitted until Bower has been found to have a right to them.

### Lis Pendens

Bower having produced no California law to the contrary, evidence of the lis pendens placed on the Douglas property in the course of the California action will be precluded.

### Evidence of Fraudulent Misrepresentation

 Bower has alleged that Weisman defrauded her by entering into contracts with her when, at all times, he had an intention not to perform. As discussed in *Bower II,* 650 F.Supp. at 1422–23, this makes out an action for fraud under New York law. *See generally Channel Master Corp. v. Aluminum Ltd. Sales, Inc.,* 4 N.Y.2d 403, 176 N.Y.S.2d 259, 151 N.E.2d 833 (1958); *see also Cauble v. Mabon Nugent & Co.,* 594 F.Supp. 985, 993 (S.D.N.Y. 1984). "Proof of such intention, however, must be based on more than a mere showing of nonperformance." *Id.* Weisman submits that Bower has no evidence of such an intent except for the fact of nonperformance. In addition to nonperformance, Bower will ask the jury to draw an inference of Weisman's intent both from the course of the negotiations leading up to the agreements (which she says demon-strates that she was being continually strung along), as well as from Weisman's deposition testimony in which he denies that the negotiations were supposed to create obligations on his part. This is more than simply nonperformance, and the evidence will be permitted.

### Conclusion

For the foregoing reasons, Weisman's motion to preclude evidence pertaining to oral agreements modifying the terms of the promissory note and pertaining to punitive damages is granted; the motion is denied with leave to re-move regarding preclusion of evidence of damages due Teru Bower on statute of frauds grounds, and the motion is denied in all other respects.

Trial will commence on November 4, 1987.

IT IS SO ORDERED.