**David MILLER, Plaintiff,**

v.

**Arthur S. STELOFF and Judith L. Steloff, Defendants.**

87 Civ. 8388 (RWS).

United States District Court, S.D. New York.

May 27, 1988.

Morrison Cohen & Singer (Leslie D. Corwin, of counsel), New York City, for plaintiff.

Howard Gotbetter, New York City, for defendants.

## OPINION

SWEET, District Judge.

Plaintiff David Miller ("Miller") has moved for summary judgment in his action against Arthur S. Steloff ("Skip") and Judith L. Steloff ("Judith") (collectively the "Steloffs") on a promissory note.[1] The Steloffs oppose the motion and have moved to consolidate this action with one pending before another judge in this district pursuant to Rule 42(a). Fed.R.Civ.P., and for the filing of a formal complaint before this court. For the reasons set forth below, Miller's motion for summary judgment is granted and the Steloff motions are denied.

*Prior Procedure*

This action was commenced in New York State Supreme Court on October 23, 1987 by the filing of a motion for summary judgment in lieu of a complaint pursuant to CPLR § 3213. The Steloffs removed the action to this court on November 25, 1987 and the motion for summary judgment was renewed before this court on March 11, 1988.

*Facts*

Miller is Skip's elderly uncle. Over the course of the last several years, Miller has apparently loaned money both to Skip's company, Heritage Entertainment, Inc. ("Heritage") and, according to Miller, to the Steloffs personally.

In January, 1984, Heritage executed a promissory note in the amount of $887,500 payable to Miller. A security agreement was simultaneously executed. According to Miller, the note represented Heritage's outstanding indebtedness to him. In addition, at the same time Steloff executed a

separate letter agreement whereby Miller would be paid a $400,000 bonus.

About a year later, Skip, advised by counsel, decided to restructure the Heritage debt and thus undertook to assume personally part of the debt owed Miller. Counsel for both Miller and Steloff drafted several instruments of financial obligation, generally promissory notes. The instruments were dated in their headings when drafted, but there is no place for the dating of a signature. The several documents, seeming alternative note agreements, were executed by the Steloffs but then placed in escrow with Miller's attorney. Both the note finally accepted by Miller and a letter agreement incorporated into the note by reference, were dated March 21, 1985. They were accepted by Miller no later than August 1985.

This note, the subject of the dispute before this court, is in the amount of $146,965, together with interest at a rate of 2% above rates set by Manufacturers Hanover Trust Co. It is payable on April 8, 1987. The note makes reference to two collateral documents. It states:

> Upon the occurrence of an Event of Default, Payee or the holder hereof shall be entitled to declare all amounts payable hereunder immediately due and payable and to exercise all rights and remedies provided in that certain Security and Pledge Agreement dated January 23, 1984, as the same has been amended by letter agrement dated, simultaneously herewith ...

The security agreement, the same that secured the January loan, specifies the collateral for the transaction and the rights and remedies available to Miller upon default. The letter agreement merely restates that the security agreement applies and reduces the amounts due on the January 1984 loan

---

1. This action was commenced in New York State court where a summons and motion for summary judgment can be filed in lieu of complaint when an action is based upon an instrument for the payment of money only. New York Civil Practice Law & Rules ("CPLR") § 3213. Miller has referred to the motion here-

in as a motion pursuant to § 3213. However, this court is bound to apply the Federal Rules of Civil Procedure. Thus, while the substantive New York laws will be applied, it is pursuant to the standards governing Rule 56, Fed.R.Civ.P. that the motion may or may not be granted.

to reflect the reduction due to the Steloffs' assumption of part of Heritage's debt.

According to Miller's affidavit supporting the section 3213 motion, the Steloffs made interest payments on the March note through March 15, 1986, but failed and refused to make any further payments. He has thus moved for summary judgment for the amount of the note plus interest.

*Discussion*

The Steloffs oppose this motion on a number of grounds including usury, lack of consideration and questions of fact regarding Miller's credibility and state of mind pertaining to whether the note in question is merely part of one large transaction. Additionally, they have moved to consolidate this action with one regarding the $400,000 bonus payment pending before another judge in this district.

First, it should be noted that "[a] federal court to which a state action is removed takes the action in the posture in which it existed when it is removed from a state court's jurisdiction and must give effect to all actions and procedures accomplished in a state court prior to removal." *Istituto per lo Sviluppo Economico Dell' Italia Meridionale v. Sperti Products, Inc.,* 47 F.R.D. 310, 312 (S.D.N.Y.1969); *see also Florasynth, Inc. v. Pickholz,* 598 F.Supp. 17, 18 (S.D.N.Y.), *aff'd,* 750 F.2d 171 (2d Cir.1984); *Atlanta Shipping Corp. v. International Modular Housing, Inc.,* 547 F.Supp. 1356, 1365 (S.D.N.Y.1982). Thus, this court can entertain this motion as would the state court without the filing of a complaint. *See Istituto per lo Sviluppo Economico Dell' Italia Meridionale, supra,* 47 F.R.D. at 312–14.

Miller filed this action pursuant to CPLR § 3213. Under that section:

[w]hen an action is based upon an instrument for the payment of money only ... the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint.... If the motion is denied, the moving and answering papers shall be deemed the complaint and answer, respectively, unless the court orders otherwise.

The New York Court of Appeals has held that "in order to qualify for CPLR 3213 treatment, it is incumbent upon the [moving party] to show that the [documents] on which the action is based '[are] instruments for the payment of money only.' " *Interman Industrial Products, Ltd. v. R.S.M. Electron Power, Inc.,* 37 N.Y.2d 151, 332 N.E.2d 859, 371 N.Y.S.2d 675, 679 (1975) (quoting § 3213). A note qualifies for § 3213 treatment if "a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms." *Id.,* 371 N.Y.S.2d at 680, 332 N.E.2d at 862; *see Manufacturers Hanover Trust Co. v. Hixon,* 124 A.D.2d 488, 507 N.Y.S.2d 862 (1st Dep't 1986).

The note in this action does qualify, and Miller has made out a prima facie case. Miller has presented an instrument for the payment of money only and has claimed nonpayment according to its terms. The other documents referred to in the note, the security agreement and the letter agreement, do not provide terms of payment or events of default. The former document merely provides rights and remedies in the event of default within the terms of the March agreement, and the latter merely amends the security agreement as it pertains to the January 1984 note. *Compare Hixon, supra,* 507 N.Y. S.2d 862 (terms of default enumerated in the collateral document, a mortgage, and thus failure to pay within the terms of the agreement could not be determined without reference to collateral document).

The Steloffs have asserted a plethora of defenses to this action. These stem from their contention that the March 1985 note and the January 1984 note are part of the same transaction. However, none of these defenses raise a material issue of fact relative to the note under consideration in this case.

First, the Steloffs claim that since the January 1984 note and the March 1985 note are actually part of a continuing transaction with the separate $400,000 bonus agreement as part of the January note, and since the bonus was actually interest dis-

guised in the form of a bonus making the January note usurious, the March note is usurious as well.

This court need not pass on whether the bonus letter in actuality constitutes interest on the January 1984 note for it is not relevant to the March 1985 note. The March note's only relation to the January note is that its supporting consideration is the reduction of a prior debt evidenced by the earlier note. The March note is an agreement unto itself. The amount borrowed, the rate of interest, the terms of repayment, and the events of default are set forth in full detail. When the parties wished to refer to a collateral document to incorporate its terms, they did so explicitly. "[W]here a note appears on its face to be a completely integrated, unconditional promise to pay, and where the evidence of [the extraneous] agreement sought to be introduced is at variance with the terms of the obligation, the parol evidence rule applies." *Bower v. Weisman*, 674 F.Supp. 113, 117 (S.D.N.Y.1987) (citing *inter alia Braten v. Bankers Trust Co.*, 60 N.Y.2d 155, 456 N.E.2d 802, 468 N.Y.S.2d 861 (1983)).

The March note is thus an integrated agreement, the terms of which cannot be contradicted by reference to prior or contemporaneous agreements. *See Marine Midland Bank–Southern v. Thurlow*, 53 N.Y.2d 381, 425 N.E.2d 805, 442 N.Y.S.2d 417 (1981). The March note contains a provision on interest. It specifically calls for interest to be set at 2% above the rate set by Manufacturers Hanover Trust Company. Moreover, the note contains a clause which states:

> This Note is subject to the express condition that at no time shall the Maker be obligated or required to pay interest on the principal at a rate which could subject the Payee to either civil or criminal

liability as a result of being in excess of the maximum interest rate which the Maker is permitted by law to contract or agree to pay. If by the terms of this Note, the Maker is at any time required or obligated to pay interest on the principal at a rate in excess of such maximum rate, the rate of interest under this Note shall be deemed to be immediately reduced to such maximum rate....

Thus, the issues of interest and the avoidance of impropriety in the charging of interest were directly addressed in this agreement. Accepting the bonus letter as an additional interest term of this note is contradictory and therefore impermissible.

■ Further, the Steloff's have moved for consolidation of this action with an earlier action filed by Miller on the $400,000 bonus.[2] That action is pending before the Honorable Kevin T. Duffy in this district. Judge Duffy declined to accept this action as related to the earlier action, and his determination will be viewed as controlling. In any event, having found that the agreements are severable, this court can reach a determination on the March note without reference to January note. Therefore, the motion to consolidate is denied.

■ The Steloffs further contend that there is no consideration for the agreement in that they borrowed no money from Miller in March 1985. However, they do not deny that the note at issue had the effect of eradicating a portion of the earlier Heritage debt, nor do they deny the allegation that Heritage is the alter ego of Steloff. In fact, they claim the Miller/Heritage transaction and the Miller/Steloff transaction are all one. Willingness to forego receipt of money due constitutes the bargained for exchange in this case. Thus,

---

2. The bonus letter, signed by Skip on Heritage stationery, states that it is

> in consideration of the various loan and accommodations which you have extended to Heritage Enterprises ... and in recognition of the fact that the $887,500 promissory note being delivered to you by Heritage does not reflect the full value of the assistance which you have provided to Heritage.

Whether this bonus constitutes interest is a matter for determination by Judge Duffy. However, it is worth noting that under New York General Obligations Law § 5–521, corporations are prohibited from interposing the defense of usury.

there is consideration supporting the March note.[3]

Miller's state of mind and credibility as to whether the bonus note was usurious or whether the two notes constitute one transaction is irrelevant to this action. As stated above, the notes are severable transactions as a matter of law. Nothing about Miller's thoughts constitutes a triable issue of fact.

*Conclusion*

In sum, the Steloffs have presented no triable issues of fact. Miller's motion for summary judgment pursuant to CPLR § 3213 and Rule 56, Fed.R.Civ.P. is granted. The Steloff's motion to consolidate is denied. The parties are directed a judgment on notice.

IT IS SO ORDERED.

Mark Schwartz and Nathaniel E. Leserowitz, New York City, for plaintiffs.

Leonard Zack, Philadelphia, Pa., for defendants.

---

**3.** In Skip's affidavit, there is reference to there being no consideration to support Judith's commitment. However, no legal support appears for this assertion in the defendants' memorandum of law, and a bald statement that Judith should not be held liable because she signed at Skip's request does not carry the day. In any event, there is consideration to support the underlying agreement, as stated in the text, and Judith could sign as a guarantor without consideration running directly to her. See *Federal Deposit Insurance Corp. v. Julius Richman, Inc.,* 666 F.2d 780 (2d Cir.1981).