■ SYLVIA RUBIN, Individually and as Executrix of HERMAN RUBIN, Deceased, Appellant, v SHELDON MILO et al., Respondents. [625 NYS2d 34] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about August 17, 1994, which in an action on a promissory note pursuant to CPLR 3213, granted defendants' motion to compel arbitration, unanimously affirmed, with costs.

The IAS Court correctly held that the note, which named plaintiff as a payee and stated that it "emanate[d]" from the simultaneously executed contract in which plaintiff's decedent, her husband, sold his dental practice to defendants, and the contract, which did not name plaintiff as a party, provided that the payment obligation was to be secured by a promissory note, and also provided for arbitration to resolve any disputes arising under the contract, must be read together *(see, Manufacturers Hanover Trust Co. v Hixon,* 124 AD2d 488), and require arbitration of the instant dispute. While the arbitration clause does not affect plaintiff's individual right to payment under the note, it does govern the method of collection and forum for resolving disputes. We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Rubin, Asch, Williams and Mazzarelli, JJ.