■ LEUMI FINANCIAL CORPORATION, Respondent, v. MORTON J. RICHTER et al., Appellants.— Judgment entered in plaintiff's favor after the granting of plaintiff's motion for summary judgment modified, on the law, to the extent of decreasing the amount of allowable interest to the sum of $6,581.25 and as so modified, affirmed, with $50 costs to respondent. In the light of the papers submitted by the plaintiff, the proof offered in support of defendants' contention that the loan was not payable on demand but rather was for a period of one year, fails to create the requisite triable issue of fact. To say that the demand loan was a matter of form in the circumstances of this case did not mean that it was not intended and manifested that as a matter of legal enforcement it was a demand loan. That is enough to bring the transaction, if secured as required by the statute, within the statute. There is no inconsistency in a lender, especially under a demand obligation, expressing a precatory intention of not calling the loan. Moreover, if it were necessary to reach the question, while it may purport to create an issue of fact, the assertions do not raise a triable issue. To require a trial such fact issue must be genuine, bona fide and substantial (*Richard* v. *Credit Suisse*, 242 N. Y. 346, 350; *Strasburger* v. *Rosenheim*, 234 App. Div. 544, 547). In the circumstances of this case, including the apparent sophistication of the defendants — an attorney, an accountant, and an investment counselor — the issue tendered does not meet the prescribed standard. Nor is there merit to defendants' contention that their view of the true nature of the note is supported by the fact that payment was not sought for more than a year after execution. Implicit in any demand instrument transaction is the understanding that payment will not be demanded immediately upon its execution and delivery. Thus, a forebearance from collection does not permit the inference that the instrument was not a demand note. There being no specification in section 379 of the General Business Law as to the amount of security that must be deposited relative to the amount of the loan, we conclude that security in the amount of 41% of the loan is adequate as a matter of law to satisfy the statutory requirement. Whether or not the security is sufficient would appear to present a legal question and not a factual issue for determination by the trier of the facts. Nor does the fact that the loan was not fully secured undermine the conclusion that no triable issue was raised relative to the nature of the instrument. However, the award of interest at 10% per annum to the date of judgment may not be sustained. The interest to be computed from the date of default should have been computed, as in cases involving instruments with fixed dates of maturity, "'according to the rate prescribed by the law, and not according to that prescribed in the contract if that be more or less'". (*Title Guar. & Trust Co.* v. *2846 Briggs Ave.*, 283 N. Y. 512, 517). The interest payable after default not being referable to the contract ought not be determined by the rate imposed by such contract. Concur — Breitel, J. P., Rabin, Eager and Steuer, JJ.; Valente, J., dissents in the following memorandum: In this action to recover a balance due on a promissory note signed by defendant Richter, and guaranteed by the other defendants, plaintiff has obtained summary judgment pursuant to CPLR 3213. I would reverse the order granting summary judgment. The note in the sum of $150,000 carried an interest rate of 10%. In defense of the action, defendants urged that the loan was usurious and therefore void. Plaintiff relied on section 379 of the General Business Law (now General Obligations Law, § 5–523) which permits more than 6% to be charged on a demand loan for more than $5,000 secured by collateral consisting of warehouse receipts, bills of lading, certificates of stock,

etc. Defendants contended — and their affidavits tend to support that view — that the loan was not a demand loan but for a period of a year, and that the language on the face of the note indicating it was a demand loan was merely a device to mask the true nature and term of the loan to circumvent the usury statute. Apart from the circumstances surrounding the granting of the loan, which are delineated in the affidavits, the fact that only $65,000 in stock collateral was deposited as security is another facet of the case tending to corroborate the defense. While under section 379 of the General Business Law it may not be necessary to make collateral available to the full extent of the loan, evidence that only the comparatively small amount of 41% of the loan was secured by stock creates a triable issue as to whether the loan in the instant case was the type of collateral loan envisaged by section 379. The true nature of the transaction between the parties can only be arrived at after a trial following pretrial procedures.