■ HOGAN & COMPANY, INC., Appellant, v SATURN MANAGEMENT, INC., et al., Respondents. — Appeal from order, Supreme Court, New York County, entered August 6, 1979, which denied plaintiff-appellant's motion for summary judgment in lieu of complaint against defendant-respondent Saturn Management, Inc. (Saturn), dismissed as academic without costs. Order, Supreme Court, New York County, entered January 18, 1980, granting reargument of the above order, but adhering to the original decision, unanimously modified, on the law, so as to grant plaintiff's motion for summary judgment against Saturn, and otherwise affirmed, with costs. Order, New York County, entered March 27, 1980, which denied plaintiff's motion for summary judgment in lieu of complaint against defendants-respondents Garrison and Rothstein, unanimously reversed, on the law, and motion granted, with costs. This proceeding was brought upon a promissory note evidencing a loan in the amount of $80,000 from plaintiff Hogan & Co., Inc., to defendant corporation Saturn, payable 120 days after execution and guaranteed by the individual defendants, Garrison and Rothstein. The purpose of the loan was for the production of a certain television film. The transaction included a security agreement under which Saturn pledged a Univac computer and its rights to the television film. The note itself contained nine conditions under which payment would be accelerated. It was presented for payment which has not been made. The motions for summary judgment in lieu of complaint (CPLR 3213) were denied by Special Term on the grounds that "The promissory note upon which this action is based is due and payable only upon the happening of certain specified occurrences. As such it does not qualify as an action based upon an instrument for the payment of money only" and that there appear to be issues of fact with respect to an alleged oral collateral agreement to forbear collection until the film generated income which, defendants contended, amounted to fraud in the inducement. The "certain specified occurrences" referred to by Special Term are nine provisions for acceleration of payment by the obligors based upon conditions which might affect their financial ability to pay, and as such do not affect the status of the instrument as one for the payment of money only. The note itself requires the defendants to make payment and nothing else. "It is incontestable that plaintiff would prove a prima facie case by proof of the note and a failure to make the payments called for by its terms." *(Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, 137, affd 29 NY2d 617.) Parol evidence is inadmissible to vary the terms of a written instrument clear on its face. Though oral proof may be admitted to show that a written pact was obtained by a fraud in its inducement, such evidence, in order to defeat a motion for summary judgment, must be genuine and based on proof, not shadowy and conclusory statements.

"To require a trial such fact issue must be genuine, bona fide and substantial" (*Leumi Fin. Corp. v Richter,* 24 AD2d 855, affd 17 NY2d 166). The opposition to this motion fails to meet that standard. Defendants' assertions contradict the clear language of the note, appear to be contradictory to the purpose and intent of the transaction of the security agreement, are inconsistent with the solely business relationship between plaintiff and defendants, were strenuously denied by plaintiff's president and by the attorney who arranged the financing for defendants and failed to state specifically with whom, when and where the alleged oral statements comprising the collateral agreement were made. Summary judgment should have been granted. Concur — Murphy, P.J., Kupferman, Ross, Yesawich and Carro, JJ.