OPINION OF THE COURT
Jasen, J.
The sole question presented on this appeal is whether *385 the parol evidence rule precludes the defendants from establishing that the plaintiff misapplied the proceeds of certain collateral security held by it.
On January 31, 1969, in order to obtain a $100,000 loan from the plaintiff, the defendants signed and delivered to plaintiff their notes totaling $100,000. In addition, the defendants executed a security agreement in plaintiff’s behalf whereby they pledged $100,000 of Conelec, Inc. (Conelec), convertible debentures and certain shares of stock of Scan-Data Corporation and Data-Ram Corporation. Among other things, this security agreement authorized the plaintiff “without notice or demand and without affecting [defendants’] obligations hereunder, from time to time * * * to take from any party and hold collateral * * * for the payment of the Indebtedness or any part thereof, and to exchange, enforce or release such collateral or any part thereof.” The agreement further authorized the plaintiff, in the event of default by the defendants in the payment of their notes, “to direct the order or manner of the disposition of the Collateral and any and all other collateral and the enforcement of any and all indorsements and guaranties relating to the Indebtedness or any part thereof as [plaintiff], in its sole discretion, may determine.”
The proceeds of the loan were turned over to Conelec in payment for the Conelec debentures which, in turn, were pledged by the defendants to the plaintiff as security for the loan. At the time, Conelec was contemplating a public offering and was in need of interim financing. In order to induce the plaintiff to make the loan to the defendants so that they could purchase the debentures, Conelec also executed a security agreement in plaintiff’s favor whereby Conelec pledged all its machinery and equipment as security for “any and all indebtedness of [Conelec] to [plaintiff], whether now existing or hereafter incurred, of every kind and character, direct or indirect.” A letter from Conelec to the plaintiff which accompanied this security agreement stated that the pledge of collateral was to induce plaintiff into making the loan to the defendants and secured the “obligation” of the Conelec “debentures” pledged by the defendants. The letter further provided that upon default by the defendants on *386 their notes, the debentures would become due, but that before realizing on the security interest in the Conelec machinery and equipment the plaintiff was to proceed first against the security supplied by the defendants and the defendants individually.
In the months that followed, plaintiff made additional loans directly to Conelec based upon the pledge of the security interest in its machinery and equipment. Although initially crediting the Conelec security to the pledge supporting defendants’ loan, the plaintiff withdrew the Conelec pledge in May of 1970. The Conelec machinery and equipment were thereafter listed in plaintiff’s records as security for the loans made directly to Conelec.
Unfortunately, Conelec never was able to make the public offering it had planned and, in February, 1972, the company went bankrupt. The Conelec machinery and equipment were liquidated and the proceeds paid to the plaintiff in partial satisfaction of the loans made directly to the company under the after-incurred debts clause of the Conelec security agreement.
On April 17, 1973, plaintiff demanded payment on the 1969 notes executed by the defendants and then commenced this action to recover the unpaid balance of $95,000 plus interest. As an affirmative defense, the defendants asserted that, contrary to an oral agreement between themselves, the plaintiff and Conelec, the proceeds from the sale of the collateral security of the Conelec machinery and equipment had been misapplied by the plaintiff to satisfy its own loans to Conelec, rather than in satisfaction of the indebtedness owed by the defendants.
Special Term granted plaintiff summary judgment, holding that the parol evidence rule precluded the defendants from establishing that the plaintiff misapplied the proceeds from the sale of the Conelec collateral security. On appeal, a unanimous Appellate Division reversed. While acknowledging that the plaintiff “was authorized to withdraw the Conelec security and [that] to permit parol evidence would render the [defendants security] agreement a nullity”, the court below was of the view that the defendants were attempting to establish that the machinery and equipment were pledged by Conelec as security for the de *387 bentures which were held by the plaintiff as security for the defendant’s loan. As such, the Appellate Division held that this pledge was “separate and distinct from the security agreement of defendants with the [plaintiff] and is not in any way within the parol evidence rule which applies to the loan transaction with defendants by the bank.” (54 AD2d, p 388.) We cannot agree.
The principle of law applicable to the facts of this case is well established. Briefly, absent fraud or mutual mistake, where the parties have reduced their agreement to an integrated writing, the parol evidence rule operates to exclude evidence of all prior or contemporaneous negotiations between the parties offered to contradict or modify the terms of their writing. (Fogelson v Rackfay Constr. Co., 300 NY 334; Thomas v Scutt, 127 NY 133.) Although at times this rule may seem to be unjust, “on the whole it works for good” (Mitchill v Lath, 247 NY 377, 380) by allowing a party to a written contract to protect himself from “perjury, infirmity of memory or the death of witnesses.” (Thomas v Scutt, 127 NY 133, 142, supra; see, generally, Richardson, Evidence [10th ed], §§ 601-634.)
In this case, the security agreement executed by the defendants clearly authorized the plaintiff to accept and release additional collateral that might be pledged by “any party” as security for defendants’ loan. This agreement further provided that in the event of default by the defendants, the plaintiff was entitled to direct the “order or manner of the disposition” of all the pledged collateral as plaintiff, “in its sole discretion”, determined. Moreover, in pledging its machinery and equipment to plaintiff, Conelec expressly agreed that its pledge would secure any future loans made directly to it by the plaintiff. Defendants’ attempt to establish the existence of an oral agreement pursuant. to which plaintiff was obligated first to apply the Conelec security in satisfaction of their loan clearly contravenes the express terms of these agreements and completely negates the plaintiff’s right under the defendants’ security agreement to release and apply the Conelec collateral as it deemed appropriate. As such, proof of this extraneous oral agreement is barred by the parol evidence rule.
*388 Nor does the reasoning of the Appellate Division alter this result. Contrary to the opinion of the court below, the Conelec pledge of collateral security was not “separate and distinct” from the defendants’ agreement with the plaintiff. Conelec pledged its machinery and equipment in order to induce the plaintiff to make the loan to the defendants and so that plaintiff would make future loans to Conelec itself. Focusing solely on the transaction between the defendants and Conelec, the court below would admit parol evidence of an agreement concerning the use of the Conelec collateral to secure the pledged debentures. While such evidence may serve to explain the nature of the debt between the defendants and Conelec, the simple fact of the matter is that that transaction is not in issue. The present case concerns the agreement between defendants and plaintiff as memorialized in their security agreement and proof of any oral promise by plaintiff as to the initial application of the Conelec collateral directly contradicts the provisions of that written contract. It is in this sense that the proffered evidence runs afoul of the parol evidence rule and, therefore, should have been excluded.*
One final comment is in order. The dissent would allow the introduction of evidence of an oral agreement between the plaintiff and Conelec, supplementing the provisions of Conelec’s letter to the plaintiff dated January 23, 1969 by which the plaintiff is alleged to have agreed to apply Conelec’s machinery and equipment only as collateral for Conelec’s obligations under its convertible debentures. We agree that the rights as between Conelec and the plaintiff might be so determined. What the dissent appears to lose sight of is that we are here confronted, not with the rights of Conelec against the plaintiff, but with the determination of the rights of defendants as individual borrowers against the *389 plaintiff as their lender. The definition of the rights of the plaintiff in this relationship must be determined by the provision of the security agreement dated January 31,1969 between defendants and the plaintiff and no parol evidence, whatever its source, may be received which is inconsistent with the express terms of that written agreement.
Accordingly, the order appealed from and the order of the Appellate Division brought up for review should be reversed, with costs, and plaintiff’s motion for summary judgment granted.

 We find any reliance on Traders’ Nat. Bank of Rochester v Laskin (238 NY 535) to be misplaced. There, this court held that the parol evidence rule did not preclude the defendants from introducing proof of an oral promise by the plaintiff as to how certain collateral pledged by a third party was to be applied. Unlike the present case, however, the terms of the oral agreement which the Traders’ Nat. Bank defendants were attempting to establish did not contradict the express provisions of any written contract between themselves and the plaintiff. Hence, the parol evidence rule was no bar to the proof of this additional agreement.