■ FIRST INTERNATIONAL BANK OF ISRAEL, LTD., Appellant, v L. BLANKSTEIN & SON, INC., et al., Respondents. FIRST INTERNATIONAL BANK OF ISRAEL, LTD., Appellant, v JACOB KLEIN & SON, INC., et al., Respondents. — Order, Supreme Court, New York County (Riccobono, J.), entered August 4, 1981, denying plaintiff-appellant's motion for summary judgment in lieu of a complaint, reversed, on the law, and summary judgment granted in favor of plaintiff-appellant against defendants-respondents, with costs. Order, Supreme Court, New York County (Kirschenbaum, J.), entered September 17, 1981, denying plaintiff-appellant's motion for summary judgment in lieu of a complaint, reversed, on the law, and summary judgment granted in favor of plaintiff-appellant against defendants-respondents, with costs; the cross claim of the defendants-respondents Klein asserted against defendant-respondent Siegman is severed, summary judgment denied therein, the parties directed to serve formal pleadings, and the matter remanded for further proceedings. From 1976 on, plaintiff bank lent money to diamond merchant Siegman on the credit of his accounts receivable, which often took the form of promissory notes made payable to Siegman by other diamond merchants to whom he had sold gems. One such note had been issued to Siegman in the principal sum of $50,000 by L. Blankstein & Son, Inc. Another note had been issued to Siegman in the sum of $71,550 by Jacob Klein & Son, Inc.[*] Siegman in turn indorsed the notes in blank and delivered them and almost all of his inventory of diamonds to plaintiff bank in consideration of a loan. The notes were dishonored when plaintiff presented them for payment, and the bank has moved for summary judgment in lieu of complaint (CPLR 3213). The diamond merchants argue

---

[*] Abraham Klein, who signed the note, is personally liable since there is no statement therein that he was signing in his representative capacity. (Uniform Commercial Code, § 3-403, subd [2].)

that the bank was not a holder in due course because it took the notes with full knowledge that they were merely to record a transaction upon which plaintiff could proceed, as was a general custom in the diamond business, to provide a line of credit to Siegman. However, the note speaks for itself; it is an unconditional promise to pay, completely naked of any condition. Parol evidence is inadmissible to vary the terms of the written instrument. (*Leumi Fin. Corp. v Richter,* 17 NY2d 166, 173.) While the defendants argue that the note was really given as collateral whereby the payee would release the maker and cancel the note upon the happening of a future event, parol evidence of this condition subsequent is inadmissible to directly contradict the terms of the note. (*Jamestown Business Coll. Assn. v Allen,* 172 NY 291; *Smith v Dotterweich,* 200 NY 299, 306-307.) "The necessity of applying the parol evidence rule to a condition subsequent operating to defeat liability upon a note is most clearly demonstrated where it lies within the power of the obligor to determine whether or not he is relieved from payment." (22 NY Jur, § 633, p 145.) Before parol evidence will be received to complete the entire agreement of the parties, of which the note may only be part, the writing must not appear upon inspection to be a complete contract, embracing all the particulars necessary to make a perfect agreement and designed to express the whole arrangement between the parties, and the parol evidence must be consistent with and not contradictory to the written instrument. (*Jamestown Business Coll. Assn. v Allen, supra,* at p 295.) The instrument presented by the bank is complete. "The note itself requires the defendants to make payment and nothing else." (*Hogan & Co. v Saturn Mgt.,* 78 AD2d 837.) Even if the notes were issued to Siegman in exchange for his promise of future diamond delivery, the existence, and even the subsequent breach, of an executory promise does not create a defense against a holder in due course. (Uniform Commercial Code, § 3-304, subd [4], par [b]; *Aryeh v Eastern Int.,* 54 AD2d 850.) Furthermore, plaintiff, a secured creditor, did not have to first proceed against the diamonds as collateral before seeking satisfaction of the debt by enforcing the terms of the note. (Uniform Commercial Code, § 9-501, subd [1].) The motions should have been granted. Concur — Kupferman, Sandler, Markewich and Asch, JJ.

Murphy, P. J., dissents in a memorandum as follows: Plaintiff First International Bank of Israel, Ltd. moved for summary judgment in lieu of complaint (CPLR 3213) on two notes made by defendants Jacob Klein & Son, Inc. (Klein) and L. Blankstein and Son, Inc. (Blankstein) to the order of defendant Leo Siegman. The plaintiff is a bank organized and existing under the law of Israel. The notes were part of two series of notes given by Klein and Blankstein in their purchase of diamonds from Siegman. The latter, in turn, had indorsed the notes to plaintiff. The critical issue presented is whether the plaintiff is entitled to recover on the notes as a holder in due course (Uniform Commercial Code, § 3-302). In defense of these actions, the defendants' principals maintain that the notes were only given as collateral. They further allege that, in accordance with the custom and trade of the Israeli diamond and banking businesses, the notes were actually given before Klein and Blankstein had ever received any diamonds from Siegman. The defendants' principals also aver that plaintiff made loans on the notes with knowledge that Siegman might not deliver all or part of the diamonds covered by the notes. It is further alleged that the plaintiff was aware that Klein and Blankstein had the right to reject diamonds for deficiencies after delivery. The defendants' principals assert that adjustments are normally made on the plaintiff's records to reflect the actual transactions effected between Siegman and his buyers. Klein maintains that Siegman presently owes it the sum of $207,656. Blankstein simply states that its note in question does not reflect the amount owing to

Siegman. The principals for Klein and Blankstein contend that the plaintiff is not entitled to recover upon the face amount of the notes since it took the notes subject to future adjustments and defenses which they might raise. The rule that excludes parol evidence in contradiction of a written agreement has no application in preventing the admission of evidence of conditions which render the agreement ineffective as a binding contract. As between parties to a negotiable instrument, parol evidence is admissible to show that a note, absolute in form, although delivered to a payee, was not to become a binding obligation except upon the happening of a certain event (22 NY Jur, Evidence, § 632, pp 142-143; *Smith v Dotterweich,* 200 NY 299). This principle applies even though a bank or trust company happens to be the plaintiff in a particular case (*Long Is. Trust Co. v International Inst. for Packaging Educ.,* 38 NY2d 493; *Salt Springs Nat. Bank of Syracuse v Hitchcock,* 238 App Div 150). The plaintiff's senior manager, Amos Idelson, does not specifically deny that, in financing the diamond trade in Israel, notes are taken by his bank subject to future transactions. Likewise, Idelson does not specifically deny that, as part of plaintiff's banking business, it regularly cancels notes to reflect the fact that Siegman is not entitled to the moneys covered by the notes. Furthermore, he does not deny that his firm has taken these notes subject to defenses that might exist between Siegman and his buyers (cf. *Budget Charge Accounts v Petrowski,* 155 NYS2d 681). The affidavit of plaintiff's attorney is of no probative value on these points. Thus, a triable question of fact exists as to whether plaintiff is a holder in due course or whether it has taken subject to any defense Klein and Blankstein might raise (*Rafkin v Continental Diamond Mines,* 19 AD2d 615). If it is shown that plaintiff is not a holder in due course, then a factual determination must be made at trial as to whether any moneys are owing from Klein and Blankstein to Siegman. Although the parties do not develop the point, a latent issue is presented as to whether New York State or Israeli law governs upon the facts to be found in this case. If Israeli law is found to govern, then public policy considerations might preclude the New York State courts from enforcing all or part of the applicable Israeli law. Of course, a question of fact is also presented as to the governing Israeli law. At trial, Siegman may also wish to raise counterclaims or setoffs based upon his charges that plaintiff has unlawfully retained his diamonds and has engaged in other unlawful activities in Israel. For the reasons stated, both orders should be affirmed.