OPINION OF THE COURT
Harold Baer, Jr., J.
Defendant Anthony Sturniolo moves to dismiss the complaint on the grounds that the court lacks subject matter jurisdiction since the summons fails to display the words "consumer credit transaction” as required by CPLR 305 and that the complaint fails to state a cause of action. (CPLR 3211 [a] [2], [7].) Plaintiff Regina McManus opposes the motion and cross-moves to amend the summons, nunc pro tunc, to include the words "consumer credit transaction.”
On October 3, 1982, plaintiff lent defendant the sum of $10,000 and defendant simultaneously executed a promissory note (Note) as security for the loan. The Note stated that it is payable "[t]hirty-six months (36) after date” of its execution, *535 i.e., October 3, 1985. Plaintiff has since demanded repayment of the loan and defendant has refused to repay it contending the loan has not yet come due. Plaintiff commenced this action seeking monetary damages for fraud, reformation and rescission of the Note.
Defendant contends that despite plaintiff’s extension of credit to him personally, plaintiff has failed to display the words "consumer credit transaction” on the summons as required by CPLR 305 (a) and, therefore, this court lacks subject matter jurisdiction over the action.
A "consumer credit transaction” is defined as "a transaction wherein credit is extended to an individual and the money, property, or service which is the subject of the transaction is primarily for personal, family or household purposes.” (CPLR 105 [f].) Plaintiff claims the loan was for business purposes.
Even assuming this was a consumer credit transaction, the failure to so indicate on the summons is not fatal. The purpose of the statute is to allow the court to determine if the action is being brought in the correct venue. (See, 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 305.02a.) CPLR 503 (f) requires an action arising out of a consumer credit transaction to be brought in the county where the debtor is a resident. In the instant case, the complaint alleges defendant resides in New York County, where the action was brought; the defendant does not dispute this fact. The arm of the motion to dismiss is denied and the cross motion is also denied.
Turning to the argument that the complaint fails to state a cause of action, the allegations in the complaint, on such a motion, are deemed to be true and are construed liberally in the pleader’s favor, and if any cause of action may be discerned from such a pleading, the motion must be denied. (European Am. Bank & Trust Co. v Strauhs & Kaye, 102 AD2d 776 [1st Dept 1984].)
The complaint alleges that defendant fraudulently misrepresented to her that he would repay the funds upon her demand and that the statement "thirty-six months” was merely a means of filling in a blank space on the Note. Plaintiff further alleges that she is not an experienced business person and is unfamiliar with the use and meaning of the promissory note, and that she relied upon defendant’s representations to her detriment. Defendant states that the Note is complete on its face and that the terms of the Note reflect the parties’ agreement.
*536 The language of the Appellate Division, First Department, in Hogan & Co. v Saturn Mgt. (78 AD2d 837-838 [1st Dept 1980]), is instructive: "Parol evidence is inadmissible to vary the terms of a written instrument clear on its face. Though oral proof may be admitted to show that a written pact was obtained by a fraud in its inducement, such evidence, in order to defeat a motion for summary judgment, must be genuine and based on proof, not shadowy and conclusory statements. 'To require a trial such fact issue must be genuine, bona fide and substantial’ (Leumi Fin. Corp. v Richter, 24 AD2d 855, affd 17 NY2d 166).” (Emphasis added.)
The instant motion is not one for summary judgment, and thus denial is not based on such a test. Here, the test is whether on any theory the complaint is sustainable. Clearly, fraud in the inducement may be proven by oral or parol testimony. In the instant case, if there is such proof, it will be forthcoming on a motion for summary judgment; if it is not forthcoming, the complaint may be dismissed at that time, but not now. (See also, National Bank of N. Am. v Chu, 47 NY2d 946 [1979].) The motion to dismiss is denied.