■ DAVID J. ROTH et al., as Cotrustees of the Trust Created by JANET ROTH, Appellants, v GULF AND WESTERN INDUSTRIES, INC., Respondent.—Order, Supreme Court, New York County (Myriam J. Altman, J.), entered December 19, 1988, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for summary judgment, unanimously affirmed with costs.

Plaintiffs cotrustees seek an order directing defendant to issue them a certificate for its common shares based upon their December 1982 delivery of series D preferred shares in an exchange offer and their alleged failure to receive such common stock. Defendant's motion papers, however, reveal that such common stock had been issued to plaintiff's cotrustees in December 1982. (In this respect, Supreme Court prop-

erly found that a typographical error as to a single letter in the names of the owners of the stock certificate was immaterial.) Further, plaintiffs cotrustees had voted the common shares in 1984 and had received approximately $60,000 in dividends between 1982 and 1985. At no time prior to the commencement of this action did plaintiffs notify defendant of any claim of loss or wrongful taking of the common stock certificates. Accordingly, we find that plaintiffs failed to raise any genuine, bona fide issue of material fact in opposition to the motion for summary judgment dismissal *(Leumi Fin. Corp. v Richter,* 24 AD2d 855, *affd* 17 NY2d 166).

In the circumstances of this case, we have no occasion to address the validity of a 1985 transfer of the common stock to a third party, which plaintiffs attacked for the first time in surreply papers below. Their cause of action against defendant was not based upon any allegation of defendant's recognition of an unauthorized transfer in 1985, but rather upon failure to effectuate plaintiffs' receipt of the common stock in the first instance. Concur—Sullivan, J. P., Ross, Rosenberger, Ellerin and Rubin, JJ.