(February 14, 1991)

■ RUSIDO ANSTALT, Respondent-Appellant, v HABIB G.

ZOGHBY, Appellant-Respondent.—Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered April 12, 1990, which granted plaintiff's motion pursuant to CPLR 3213 for summary judgment in lieu of a complaint, unanimously reversed, on the law, with costs and disbursements, the motion denied and the matter remanded for further proceedings.

Plaintiff-corporation lent defendant $37,400 by check dated November 25, 1986. The terms of the loan were memorialized in an undated and inartistically drawn letter by the defendant, whose native language is not English. The note reads in its entirety:

"This document shall serve in lieu of a note whereby Rusido Anstalt has lent me as of this date the sum of $37,400 (thirty seven thousand and four hundred dollars) for a period of Eighteen months at an interest rate of 8% per annum payable up *[sic]* maturity for the purpose of financing my deposit on Apt. #18A of the Broadway building (West 81st), New York, N.Y.

"This note shall be adjusted with the following terms.

"1. Should I decide to close on this Apt. and keep it for my own personal use, I shall reimburse Rusido Anstalt all the money owed, no later than 10 working days after my closing on this Apt. Should I choose this alternative, I shall commit to keep this apartment for at least a one year period.

"2. Should I decide to resell the Apt. instead of closing on it or keep it less than one year, I shall split in half all the profits realized with Rusido Anstalt after expenses. On the other hand if the Apartment is sold at a loss after I decided not to keep it, I shall share one half of the loss with Rusido Anstalt."

In October 1989, plaintiff commenced the within action to recover the amount it claimed was due under the terms of the above described loan, moving pursuant to CPLR 3213 for summary judgment in lieu of a complaint. In support of its motion, plaintiff offered the above-quoted undated letter and the November 25, 1986 check, and asserted that the loan had not been repaid. Defendant opposed, arguing that the letter was not an instrument for the payment of money only and was, therefore, not an appropriate device for invoking the accelerated judgment provisions of CPLR 3213. The motion court, however, finding the letter to be an instrument for the payment of money only, granted plaintiff's motion. We reverse.

At the outset, we note our disagreement with defendant's argument that because extrinsic evidence is required to prove

the conditions triggering the obligation to pay CPLR 3213 treatment is inappropriate. The only condition set forth in the letter regarding the obligation to repay the sum of $37,400 is that if defendant "decide[s] to close on this Apt. and keep it for [his] own personal use, [he] shall reimburse [plaintiff] all the money owed, no later than 10 working days after [his] closing on this Apt." Since the standard to be applied is whether a *prima facie* case is made out by the instrument and a failure to make the payments called for by its terms *(Interman Indus. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 155), this condition does not affect the status of the instrument as one for the payment of money only *(see, Hogan & Co. v Saturn Mgt.,* 78 AD2d 837).

Nevertheless, we agree that the case is not appropriate for CPLR 3213 relief. Since the instrument itself provides for the creation of an investment partnership under certain conditions, it is not one "for the payment of money only." (CPLR 3213; *Logan v Williamson & Co.,* 64 AD2d 466, 469, *appeal dismissed* 46 NY2d 996.) Thus, summary judgment is denied. Concur—Murphy, P. J., Sullivan, Carro and Milonas, JJ.