**ROYAL BANK OF CANADA, Plaintiff,**

v.

**Dale B. MAHRLE, Defendant.**

**No. 91 Civ. 2588.**

United States District Court,
S.D. New York.

April 2, 1993.

Robert F. Serio, Gibson, Dunn & Crutcher, New York City, for plaintiff.

Nelson S. Chase, Farmington Hills, MI, for defendant.

## OPINION AND ORDER

PRESKA, District Judge.

This is an action on a promissory note. Plaintiff has moved for summary judgment and for the reasons stated below, the motion is granted.

### Background

In 1985, defendant Dale B. Mahrle ("Mahrle"), executed a promissory note in the amount of $500,000 in favor of plaintiff Royal Bank of Canada ("Royal Bank") dated December 18, 1985 (the "1985 Note"). Affidavit of Dale B. Mahrle in Opposition to Plaintiff's Motion for Summary Judgment dated December 11, 1992 ("Mahrle Affidavit") ¶ 2. In conjunction with the execution of the 1985 Note, Jilcan International, Inc. ("JII") executed a guaranty on December 19, 1985, and at the same time established a Fixed Term Deposit at Royal Bank in the amount of $500,000 (the "Fixed Term Deposit"). Mahrle Affidavit ¶¶ 4-6. JII assigned to Royal Bank its interest in the Fixed Term Deposit as collateral for all of JII's obligations to Royal Bank. The Fixed Term Deposit provided in pertinent part that:

> [T]he undersigned [JII] . . . grants to the Bank hereby a security interest in, the above collateral [$500,000 Royal Bank Fixed Term Deposit] for the fulfillment of all obligations, present or future, direct or indirect, absolute or contingent, matured or not, of the Customer [JII] to [Royal Bank].

Mahrle Affidavit Exhibit C.

These documents were executed as part of a financing package which enabled Mahrle to purchase JII (subsequently renamed Amsteel) from Joe Lewo for $5,422,576. Mahrle contends that Royal Bank loaned him the $500,000 evidenced by the 1985 Note as equity for the purchase of JII and that the 1985 Note was secured by the JII guaranty and the $500,000 Fixed Term Deposit. It is defendant's position that the Fixed Term Deposit was to be used solely as security for the 1985 Note and not as security for the general obligations of Lewo and companies owned and controlled by Lewo.

On December 23, 1988, without notification to Mahrle, Royal Bank applied the Fixed Term Deposit to reduce the debt owed by Lewo and companies controlled by Lewo. Mahrle Affidavit ¶ 7; Mahrle Affidavit Exhibit H.

On June 9, 1989, Mahrle executed an Amended and Restated Promissory Note in favor of Royal Bank in the amount of $270,-000 (the "1989 Note"). The 1989 Note provides:

> The entire unpaid principal amount of this Note shall, at the option of the holder, immediately became due and payable without prior notice or demand, upon . . .
>
> 1) the non-payment when due of any installment of principal or interest.

Affidavit of Cynthia Wong ("Wong Affidavit"), Exhibit A. Mahrle maintains that he defaulted on the 1989 Note based on the expectation that "Royal Bank was fully secured and would be paid solely by the [Fixed Term] Deposit, which was to be applied only to a defaulted obligation under the 1985 and 1989 obligations." Mahrle Affidavit ¶ 10.

Royal Bank commenced this action against Mahrle to enforce his obligation on the 1989 Note and now moves for summary judgment. Mahrle opposes summary judgment on the ground that a material question of fact exists concerning the use by Royal Bank of the Fixed Term Deposit.

### Discussion

Under Fed.R.Civ.R. 56(c), a trial judge may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The substantive law identifies which facts are material. *Id.* In determining whether any genuine issue of material fact is presented, a court must resolve all ambiguities, and draw all reasonable inferences, against the moving party. *Walther v. Bank of New York*, 772 F.Supp. 754 (S.D.N.Y.1991). However, once the moving party has met its initial burden of demon-

strating the absence of a material issue of fact "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The disputed fact must be "material to the outcome of the litigation." *Knight v. United States Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir.1986).

In an action on a promissory note upon a showing of no material question concerning execution and default, summary judgment is appropriate. *Hanam, B.V. v. Kittay,* 589 F.Supp. 1042 (S.D.N.Y.1984); *Nutmeg Fin. Services, Inc. v. Cowden,* 524 F.Supp. 620 (E.D.N.Y.1981). Furthermore, summary judgment is appropriate in contract actions where the language of the contract is unambiguous. *Walther v. Bank of New York,* 772 F.Supp. at 760. Contract language is considered unambiguous "if it has a definite and precise meaning unattended by the danger of misconception in the purport of the contract itself, and concerning which there is no reasonable basis for a difference of opinion." *Metropolitan Life v. RJR Nabisco, Inc.,* 906 F.2d 884, 889 (2d Cir.1990), *quoting, Breed v. Insurance Co. of North America,* 46 N.Y.2d 351, 353, 413 N.Y.S.2d 352, 355, 385 N.E.2d 1280, 1282–83 (1978), *reargument denied,* 46 N.Y.2d 940, 415 N.Y.S.2d 1027, 388 N.E.2d 372 (1979).

Under New York law, which is controlling in this case, the parole evidence rule precludes admission of any evidence of prior or contemporaneous agreements between the parties which contradict the terms of the written agreement. *Happy Dack Trading Co., Ltd. v. Agro–Industries, Inc.,* 602 F.Supp. 986 (S.D.N.Y.1984); *Marine Midland Bank–Southern v. Thurlow,* 53 N.Y.2d 381, 387, 442 N.Y.S.2d 417, 419, 425 N.E.2d 805, 807 (1981). Where a written instrument is unambiguous, parole evidence may only be considered by the court "where the writing must not appear upon inspection to be a complete contract . . . and the parole evidence must be consistent with and not contradictory to the written instrument." *First Intern. Bank of Israel, Ltd. v. L. Blankstein & Son, Inc.,* 88 A.D.2d 501, 501, 449 N.Y.S.2d 737, 739 (1st Dep't 1982), *aff'd,* 59 N.Y.2d 436, 465 N.Y.S.2d 888, 452 N.E.2d 1216 (1983), *citing, Jamestown Business College Ass'n v. Allen,* 172 N.Y. 299 (1902).

Under New York law, a negotiable instrument is created where: (1) the instrument is signed by the maker; (2) contains an unconditional promise or order to pay a sum certain; (3) is payable on demand or at a definite time; and (4) payable to order or to bearer. N.Y.U.C.C. Law § 3–104 (McKinney 1991). Parol evidence will not be admitted to contradict the unambiguous terms of the instrument. *Hogan & Co. v. Saturn Management, Inc.,* 78 A.D.2d 837, 433 N.Y.S.2d 168 (1st Dep't 1980). Therefore, evidence that "collateral security . . . had been misapplied" in violation of an oral agreement between the parties is inadmissible. *Marine Midland Bank–Southern v. Thurlow,* 442 N.Y.S.2d at 419, 425 N.E.2d at 807.

The 1989 Note constitutes a valid, binding agreement which is unambiguous on its face. It is a promissory note signed by the maker which contains an unconditional promise to pay a sum certain at a definite time or on demand to the holder and thus is a negotiable instrument. *See* Wong Affidavit Exhibit A. Therefore, this Court cannot consider any evidence of an oral agreement between Mahrle and Royal Bank which would contradict the unambiguous language of the 1989 Note. *Hogan & Co. v. Saturn Management, Inc.,* 433 N.Y.S.2d 168. Similarly, the Court cannot consider evidence concerning the use of the Fixed Term Deposit to offset any default by Mahrle since such evidence contradicts the express terms of the 1989 Note. *Marine Midland Bank–Southern v. Thurlow,* 442 N.Y.S.2d 417, 425 N.E.2d 805.[1]

---

1. It is plaintiff's position that Royal Bank wrongfully used funds contained in the Fixed Term Deposit to offset obligations owed by Joe Lewo rather than as collateral for the 1985 Note and the 1989 Note and that this use of the Fixed Term Deposit by Royal Bank released Mahrle from liability. This position is directly contradicted by the express language of the Fixed Term Deposit which stated that it would serve as col-

Thus, because the 1989 Note is a valid promissory note which defendant admits he has defaulted on, Mahrle Affidavit, ¶ 10, Royal Bank is entitled to summary judgment.

#### Conclusion

For the reasons stated above summary judgment is granted. Settle judgment on notice.

SO ORDERED.

lateral for any debt of JII (Lewo) to Royal Bank,

not specifically as collateral for Mahrle's debt.