AAI RECOVERIES, INC., Plaintiff,

v.

Joaquin PIJUAN, Defendant.

No. 96 Civ. 4629(PKL).

United States District Court,
S.D. New York.

June 23, 1998.

Morganthau, Greenes, Goldfarb & Aronauer, P.C., New York City (Joseph Aronauer, of counsel), for Plaintiff.

Joaquin Pijuan, Brooklyn, NY, plaintiff pro se.

### *OPINION AND ORDER*

LEISURE, District Judge.

Plaintiff AAI Recoveries, Inc. ("AAI") brings this action to recover monies allegedly owed on four notes signed by defendant *pro se* Joaquin Pijuan ("Pijuan" or defendant).[1] Pursuant to Rule 56 of the Federal Rules of Civil Procedure, AAI moves for summary judgment. For the reasons stated below, the motion is granted.

### BACKGROUND

As the United States Court of Appeals for the Second Circuit has explained:

> Pursuant to 28 U.S.C. § 2071(a) and Rule 83 of the Federal Rules of Civil Procedure, district courts have the power to enact Local Rules governing their practice, procedure, and conduct of business. Local Rules have the force of law, to the extent that they do not conflict with rules prescribed by the Supreme Court, Acts of Congress, or the Constitution.

*Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir.1991) (internal citations omitted). Local Rule 56.1 ("Rule 56.1") of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York provides:

> (a) Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.
>
> (b) The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried.
>
> (c) All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

Rule 56.1.

■ AAI submitted a Rule 56.1 statement in support of its motion for summary judgment. Although Pijuan submitted an affidavit in opposition to AAI's motion, he did not

---

1. Although Pijuan appears *pro se,* he has received legal advice concerning the instant matter from a friend, Jose A. Rey, Esq.

submit a Rule 56.1 statement in response. Therefore, under Rule 56.1, Pijuan is deemed to have admitted all material facts set forth by AAI in its Rule 56.1 statement. The Court relies upon this statement in presenting, *infra*, the undisputed facts of the case.

On March 14, 1990, Pijuan signed a note for $40,000, payable to Capitol National Bank ("Capitol"). On the same day, defendant also signed a note for $45,000, payable to Capitol. On March 15, 1990, Pijuan signed a note for $250,000, payable to Capitol. Finally, on April 27, 1990, defendant signed a note for $20,000, also payable to Capitol.

On or about July 6, 1990, the Federal Deposit Insurance Corporation ("FDIC") was appointed as the receiver of Capitol. On July 24, 1997, the FDIC assigned the notes, to the Ernest Rady Trust (the "Rady Trust"). The Rady Trust then assigned the notes to AAI, a corporation in which the Rady Trust is the sole shareholder.

Pijuan signed each of the notes, and none of the notes have been discharged, forgiven, satisfied, or paid. It is on this basis that AAI moves for summary judgment. Additionally, AAI seeks to recover attorney's fees incurred in this action. Pijuan argues that he did not receive consideration for the notes, and that summary judgment therefore is inappropriate. Alternatively, Pijuan seeks the opportunity to conduct discovery to substantiate his claims of fraud.

## DISCUSSION

### I. STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When considering a motion for summary judgment, it is this Court's responsibility "not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reason-

able inferences against the moving party." *Knight v. U.S. Fire Insurance Co.*, 804 F.2d 9, 11 (2d Cir.1986). Nonetheless, summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Id.* at 325, 106 S.Ct. 2548 (internal citations omitted). "The burden on the moving party may be discharged by showing ... that there is an absence of evidence to support the non-moving party's case." *Id.* (internal citations omitted). The burden of demonstrating the existence of a genuine issue of material fact then shifts to the non-moving party. *See id.* at 322–23, 106 S.Ct. 2548. The non-moving party may not rely solely on its pleadings nor on conclusory factual allegations in satisfying this burden. *See Gray v. Darien*, 927 F.2d 69, 74 (2d Cir.1991). The non-moving party instead must offer specific evidence supporting its claim that there exists a genuine issue of material fact. *See Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. In demonstrating that the factual issue in dispute is "genuine", the non-moving party must offer evidence to allow a reasonable jury to return a verdict in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ "Actions to enforce negotiable instruments such as promissory notes are often proper cases for summary judgment." *Gillberg v. Shea*, No. 95 Civ. 4247(KMW), 1996 WL 406682, *2 (S.D.N.Y. May 31, 1996). Summary judgment is appropriate in an action on a promissory note upon a showing of no material question concerning execution and default. *See Cafiero v. Lifton*, No. 95 Civ. 5570(MBM), 1996 WL 539841, *5 (S.D.N.Y. Sept.24, 1996); *see also Royal Bank of Canada v. Mahrle*, 818 F.Supp. 60, 62 (S.D.N.Y.1993).

## II. *D'OENCH, DUHME* DOCTRINE

In *D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), the United States Supreme Court held that a defendant maker of a note held by a failed financial institution cannot assert a defense based on an agreement not reflected in the failed bank's records. *See D'Oench, Duhme*, 315 U.S. at 460–61, 62 S.Ct. 676.[2] If the law were otherwise, bank examiners could not readily determine the fiscal soundness of banks. *See Langley v. Federal Deposit Ins. Corp.*, 484 U.S. 86, 91–92, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987) ("Neither the FDIC nor state banking authorities would be able to make reliable evaluations if bank records contained seemingly unqualified notes that are in fact subject to undisclosed conditions.").

■ Congress later codified the *D'Oench, Duhme* rule as Title 12, United States Code ("U.S.C."), Section 1823(e), which provides:

No agreement which tends to diminish or defeat the interest of the [FDIC] in any asset acquired by it ... either as security for a loan or by purchase or as a receiver of any insured depository institution, shall be valid against the [FDIC] unless such agreement—

(A) is in writing,

(B) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,

(C) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and

(D) has been, continuously, from the time of its execution, an official record of the depository institution.

18 U.S.C. § 1823(e) (1996). Although Congress only codified the *D'Oench, Duhme* doctrine with regard to the FDIC, courts have extended the rule to include third party assignees and transferees. *See, e.g., Federal Financial Co. v. Hall*, 108 F.3d 46, 49 (4th Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 157, 139 L.Ed.2d 102 (1997); *RPT Metro Equities Ltd. Partnership v. 129 Duane Equities, Inc.*, No. 91 Civ. 5970(RPP), 1995 WL 387681, *6 (S.D.N.Y. June 29, 1995); *Remington Investments, Inc. v. Bianco*, No. 94 Civ. 0217(JSM), 1994 WL 414430, *1 (S.D.N.Y. Aug.5, 1994); *Federal Deposit Ins. Corp. v. Newhart*, 892 F.2d 47, 50 (8th Cir. 1989). Therefore, AAI, as a successor in interest to the FDIC, is entitled to the protection of the *D'Oench, Duhme* doctrine in the instant case.

### III. NOTES SIGNED BY PIJUAN

AAI has shown conclusively that Pijuan made each of the four notes to Capitol, and that he subsequently defaulted on them. Accordingly, as there is no material issue concerning the execution and default of the notes, AAI has met the *prima facie* requirements for summary judgment. Pijuan asserts that summary judgment is inappropriate because he did not receive consideration for any of the notes.[3]

■ The promissory notes clearly do not contain any qualifications of Pijuan's obligation to pay. In order to invoke successfully the affirmative defense of lack of consideration, the burden is on Pijuan to overcome the *D'Oench, Duhme* rule. Defendant has failed to meet this burden. Pijuan must show that for each note there exists a written agreement that qualifies his repayment obligation and that Capitol and Pijuan executed these agreements contemporaneously with each note. *See* 12 U.S.C. § 1823(e). Pijuan

---

2. The specific facts of *D'Oench, Duhme* indicate the strength of the doctrine. On the back of the receipts provided to the defendant by the failed bank, the bank indicated that it would not call the notes for payment. The Supreme Court, in ruling against the defendant, found that recognizing such agreements would undercut the FDIC's mission.

3. In support of its motion for summary judgment, AAI has provided copies of several checks issued by Capitol to Pijuan. On March 14, 1990, Capitol issued two checks to Pijuan; one in the amount of $40,000 and one in the amount of $45,000. On April 27, 1990, Capitol issued Pijuan a check for $20,000. Additionally, AAI has provided evidence that the June 15, 1990, note for $250,000 was a renewal of a note previously made by Pijuan on July 11, 1988.

also must demonstrate that Capitol's board of directors or its loan committee approved each of the agreements and that Capitol continuously maintained the agreements as official records of the bank. *See id.* Pijuan has satisfied none of the statutory requirements needed to overcome the *D'Oench, Duhme* rule. Accordingly, his defense of lack of consideration must fail; AAI is entitled to summary judgment on each of the four notes.[4]

## IV. PIJUAN'S REQUEST FOR ADDITIONAL DISCOVERY

■ Pursuant to Fed.R.Civ.P. 56(f), Pijuan seeks additional discovery. Where the party opposing summary judgment contends that additional discovery is required to enable the party to present factual affidavits justifying the party's opposition to the motion, the court may deny summary judgment or order a continuance to permit the party to obtain the discovery. *See* Fed.R.Civ.P. 56(f). A nonmovant must present his contention that additional discovery is needed by affidavit, and "[t]his Circuit has established a four-part test for the sufficiency" of such an affidavit. *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137, 1138 (2d Cir.1994). The Rule 56(f) affidavit must include: (1) the nature of the uncompleted discovery; (2) how the facts sought reasonably are expected to create a genuine issue of material fact; (3) what efforts the affiant has made to obtain those facts; and (4) why those efforts were unsuccessful. *See id.* at 1138.

■ The failure to file a Rule 56(f) affidavit is sufficient grounds to reject a claim that the opportunity for discovery was inadequate. *See id.* at 1137. Additionally, " 'Rule 56(f) is not a shield against all summary judgment motions. Litigants seeking relief under the rule must show that the material sought is germane to the defense, and that it is neither cumulative nor speculative....' "

*Id.* at 1138 (quoting *Sundsvallsbanken v. Fondmetal, Inc.,* 624 F.Supp. 811, 815 (S.D.N.Y.1985)).

■ Pijuan did not submit a separate Rule 56(f) affidavit. In his Affidavit in Opposition to Motion for Summary Judgment, defendant does not refer to Rule 56(f), but indicates that he needs to depose Clayton Tillman, an officer of the FDIC, as well as the principals of the Rady Trust and David Martin, the asset manager of AAI. Pijuan claims that these depositions will "establish what knowledge they had regarding the defenses to the notes." Pijuan Aff. ¶ 8–9. Defendant's claims as to what additional discovery will produce are speculative at best,[5] and he does not indicate what efforts he made to obtain the facts he seeks to discover or why his efforts were unsuccessful. Therefore, the Court denies Pijuan's request for additional discovery.

## V. ATTORNEY'S FEES

■ Each of the notes contains the following provision:

> **Attorney's Fees:** If you [Capitol] refer this Note to any attorney for collection of the amount owing, or if you use an attorney in foreclosing or protecting any of the Collateral, I [Pijuan] agree to pay any reasonable attorney's fees, plus court costs.

AAI Exh. B–E. Under New York law, provisions in promissory notes for the payment of attorney's fees are enforceable. *See Seward & Kissel v. Smith Wilson Co., Inc.,* 814 F.Supp. 370, 378 (S.D.N.Y.1993); *see also Torres & Leonard, P.C. v. Select Professional Realties, Ltd.,* 118 A.D.2d 467, 469, 499 N.Y.S.2d 707, 709 (1st Dep't 1986). Since AAI obtained the notes in due course from Capitol, it is entitled to enforce the attorney's fees provisions of the notes.

---

4. Three of the notes have annual interest rates of 13.5%. The fourth note has an annual interest rate of 12.5%. These rates determine the amount of the judgment against Pijuan.

5. David Martin, the asset manager of AAI, stated in an affidavit that he reviewed the files of Capitol that the FDIC provided to the Rady Trust and AAI. According to Martin, no files existed that

would indicate that the four notes signed by Pijuan "were fraudulent or otherwise not intended to secure a bona fide obligation." Second Martin Aff. ¶ 1–2. Carol Edmead, a senior litigator with the FDIC, stated in an affidavit that the FDIC transferred to AAI all bank records concerning the four notes made by defendant.

Plaintiff has submitted a detailed accounting of the costs incurred through enforcement of the notes. The attorneys' fees in prosecuting the instant matter are $8,912.75, and plaintiff's attorneys paid $126.29 in additional disbursements, for a total of $9,039.04. In relation to the notes, which have a face value of $360,000.00, this amount clearly is reasonable. Accordingly, Pijuan must pay all legal costs associated with the collection of the monies owed on the notes.

## CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment is HEREBY GRANTED.

**SO ORDERED.**