■ NEUBERGER BERMAN LLC et al., Respondents, v EMM GROUP, LLC, Appellant. [905 NYS2d 132]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered November 6, 2009, which, to the extent appealed from, denied defendant's motion to dismiss plaintiff's first cause of action for declaratory relief, unanimously reversed, on the law, with costs, the motion granted, and it is declared that pursuant to the subject asset purchase agreement, defendant is not obligated to pay the two financial bonuses in question.

We agree with plaintiffs that we should not conclude that Supreme Court erroneously relied on parol evidence to create an ambiguity in section 5.7 (a) of the asset purchase agreement. But section 5.7 (a) is unambiguous and Supreme Court should have granted defendant's motion to dismiss the first cause of action.

It is undisputed that pursuant to their written employment agreements, the two individuals (who are both employees and principals of defendant) collectively were entitled to a bonus of approximately $1.8 million for the performance year ending November 30, 2008, and that plaintiff Neuberger became obligated to pay the bonus on or about January 31, 2009. It also is undisputed that defendant is obligated to pay the bonus only if

the bonus is a "Reimbursable Business Expense" under section 5.7 of the asset purchase agreement, which was executed on March 6, 2009.

In relevant part, section 5.7 (a) states as follows: "(a) Purchaser shall be responsible for (i) in respect of the period commencing on December 1, 2008 and ending on the date hereof, Business expenses authorized or incurred by any of the Offerees [specified transferring employees, including the two in question], including any payments under the Lease Agreement and regularly scheduled payroll payments to the Offerees, and (ii) any severance, accrued unused vacation, accrued bonus and other separation payments owed to any of the individuals listed on Schedule 5.7 (a) [a subset of the Offerees, including the two individuals in question] under his or her respective written employment agreement with the Sellers or their Affiliates in connection with the termination of such employment agreement (such expenses in (i) and (ii) collectively, the 'Reimbursable Business Expenses')."

Under the unambiguous language of clause (i), the bonus is not a reimbursable business expense because it is not an expense that was "authorized or incurred" by either of the two individuals, but is instead an expense that was incurred by plaintiff Neuberger pursuant to the employment agreements; nor is it an expense that was authorized or incurred "in respect of the period commencing on December 1, 2008 and ending on the date [of the asset purchase agreement]," but is instead an obligation that became due prior to December 1, 2008. Accordingly, we need not determine whether under any plausible reading of clause (i), the bonus could be considered a "regularly scheduled payroll payment[ ]." Similarly, the bonus is not a reimbursable business expense under the unambiguous language of clause (ii). Because the bonus was earned by active, full-time employees on November 30, 2008 and was payable to active employees on or about January 31, 2009, it clearly is not a "separation payment[ ]" and just as clearly is not "owed . . . in connection with the termination of [an] employment agreement."

Plaintiffs are correct that we must afford the pleadings a liberal construction, take the allegations of the complaint as true, and give them the benefit of every possible inference. But these settled precepts cannot render ambiguous the unambiguous language of section 5.7 (a). Plaintiffs' allegations concerning the negotiations of the asset purchase agreement and their contention that defendant's reading of the agreement makes no economic sense, are simply irrelevant to whether the contractual language is unambiguous (*see Marine Midland Bank-S. v Thur-*

*low*, 53 NY2d 381, 387 [1981] [absent fraud or mutual mistake, parol evidence rule excludes evidence of all prior or contemporaneous negotiations between parties]). Concur—Gonzalez, P.J., Saxe, McGuire, Manzanet-Daniels and Román, JJ.