Kovkov v Law Firm of Dayrel Sewell, PLLC (2020 NY Slip Op 05682)





Kovkov v Law Firm of Dayrel Sewell, PLLC


2020 NY Slip Op 05682


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Webber, J.P., Mazzarelli, Oing, Shulman, JJ. 


Index No. 300163/18 Appeal No. 12027 Case No. 2019-2577 

[*1]Aleks Y. Kovkov, Plaintiff-Appellant,
v
Law Firm of Dayrel Sewell, PLLC, et al., Defendants-Respondents, The Schutzer Group, PLLC, et al., Defendants.


Aleks Y. Kovkov, appellant pro se.
Winget, Spadafora & Schwartzberg, LLP, New York (Kenneth A. McLellan of counsel), for respondents.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about February 22, 2019, which, to the extent appealed from as limited by the briefs, granted defendants Law Firm of Dayrel Sewell, PLLC (the Firm), Dayrel S. Sewell, and Augustus Balasubramaniam's cross motion pursuant to CPLR 3211(a)(7) to dismiss the causes of action for fraudulent inducement, fraud, breach of contract, intentional infliction of emotional distress, breach of fiduciary duty and legal malpractice, unanimously affirmed.
The motion court correctly declined to consider defendants' alleged oral agreement to limit the fees and costs incurred in their representation of plaintiff in the underlying action to $7,500, by which plaintiff seeks to contradict or modify the terms of the parties' retainer agreement (see Marine Midland Bank-S. v Thurlow, 53 NY2d 381, 387 [1981]). The retainer agreement clearly provides that $7,500 is a down payment and that "[i]f the retainer runs out, client MUST advance further funds to be placed on retainer."
Plaintiff asserts claims for fraud and fraudulent inducement in connection with the parties' retainer agreement (see id.). However, he failed to allege reasonable reliance (see e.g. Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996] [fraud]; Perrotti v Becker, Glynn, Melamed & Muffly LLP, 82 AD3d 495, 498 [1st Dept 2011] [fraudulent inducement]). Plaintiff cannot be said to have justifiably relied on a representation that was negated by the clear terms of the contract he executed (see Perrotti, 82 AD3d at 498).
Plaintiff contends that the retainer agreement was not fully integrated, and it is true that the agreement does not contain a merger/integration clause. However, in light of the above-quoted down-payment and "if the retainer runs out" language of the retainer agreement, the alleged oral agreement limiting plaintiff's costs is one that the parties "would ordinarily be expected to embody in the writing" (Fogelson v Rackfay Constr. Co. (300 NY 334, 338 [1950] [internal quotation marks omitted]). Moreover, the retainer agreement contains a no-oral-modification clause (see id. at 340 ["the merger clause . . . furnishes still additional reason for applying the parol evidence rule"] [internal quotation marks omitted; emphasis added]).
Plaintiff contends, for the first time on appeal, that the retainer agreement is void due to usury. We decline to consider this unpreserved argument.
The claim for intentional infliction of emotional distress was correctly dismissed because defendants' conduct as alleged in the complaint was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (Howell v New York Post Co.,81 NY2d 115, 122 [1993] [internal quotation marks omitted]).
The breach of fiduciary duty claim was correctly dismissed as redundant of the legal malpractice claim (see Boye v Rubin & Bailin, LLP, 152 AD3d 1, 10 [1st Dept 2017]).
Supreme Court correctly dismissed the legal malpractice claim, which was based on defendants' failure to commence an action on plaintiff's behalf. The basis for that action would have been that the underlying action against plaintiff was frivolous. The record, however, demonstrates that the underlying action was discontinued without prejudice and the court indicated that it would have denied the motion to dismiss it.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020